UNITED STATES v. MURPHY et al.
No. 7955.

District Court, S. D. Alabama.
May 12, 1931.

Alex C. Birch, U. S. Atty., of Mobile, Ala., for the United States.

Harry T. Smith & Caffey, of Mobile, Ala., for defendant John G. Murphy.

ERVIN, District Judge.

This is an indictment charging Murphy, as the owner of the steamship Rose Murphy, with having conspired with the other defendants, who were members of the crew of such steamship, to have them cast her away. The indictment is drawn under section 37 of the Criminal Code, section 88, vol. 18, U. S. Code Annotated.

The indictment, after naming the defendants, charges that they "did unlawfully, knowingly, wilfully, corruptly and feloniously conspire, combine, confederate and agree together and with each other to commit an offense against the laws of the United States; that is to say the said defendants entered into an agreement whereby Salvador Martinez, alias Ben F. Martinez, George H. Wonson, Orice C. Roddy, alias O. C. Roddy and James A. Fulford, alias J. A. Fulford, not being owners of the American Steamship 'Rose Murphy' but belonging thereto, would for the consideration of, to-wit $7500.00 (Seventy Five Hundred Dollars) to be paid them by John G. Murphy alias J. G. Murphy, who was then and there the owner of the said American Steamship 'Rose Murphy,' wilfully and corruptly cast away and destroy the said Steamship 'Rose Murphy' upon the high seas."

These are the only averments of fact contained in the indictment.

The demurrer filed by Murphy to the indictment raises the question that no offense is charged against him; that he, being the owner of the vessel, had the right to cast her away if he saw fit, and therefore he had the right to direct the members of the crew to cast her away.

It will be noticed that there is no averment in the indictment that the vessel was insured, or that she carried any freight, or that there were other owners. The offense against the United States, which it is charged the defendants conspired to commit, is found in section 301, Criminal Code, section 492, vol. 18, of the U. S. Code Annotated, and reads: "Whoever, not being an owner, upon the high seas or on any other waters within the admiralty and maritime jurisdiction of the United States, wilfully and corruptly

casts away or otherwise destroys any vessel of the United States to which he belongs, or, willfully, with intent to destroy the same, sets fire to any such vessel, or otherwise attempts the destruction thereof, shall be imprisoned not more than ten years."

This provision of the law was originally passed March 26, 1804, and is found in 2d Stat. 290. As originally passed, the statute contained three sections; the section above being the first, and the second section of the act is now section 300, Criminal Code, section 491 of the U. S. Code Annotated, and reads as follows: "Whoever, upon the high seas or on any other waters within the admiralty and maritime jurisdiction of the United States, willfully and corruptly casts away or otherwise destroys any vessel, of which he is owner, in whole or in part, with intent to prejudice any person that may underwrite any policy of insurance thereon, or any merchant that may have goods thereon, or any other owner of such vessel, shall be imprisoned for life or for any term of years."

This statute was first construed in U. S. v. Johns, Fed. Cas. No. 15,481, and later by U. S. v. Vanranst, Fed. Cas. No. 16,608. In the latter case, the mate of the Lucy was prosecuted for casting her away on the high seas, and Washington, Circuit Justice, charged the jury as follows: "As to this point, the court is of opinion, that the case of the defendant is within the first section of the law, if, in point of fact, he was concerned in the destruction of this vessel. The defendant is a person, not an owner, who (if he committed the act) wilfully cast away a vessel unto which he belonged, being the property of a citizen of the United States. But did he do it corruptly? If no person but the owner was interested in the property, it was not; because the owner might destroy his own property himself, or cause it to be done, without committing an offence against this, or any other law. But in this case, there were insurers on vessel and cargo, and a cargo on board, belonging in part to other persons than the owner. It was corruptly done as to those persons. Had the owner, in this case, done it, he would have been guilty under the second section; only, that in that case, the indictment must have stated that it was done to the prejudice of the underwriter on the vessel, or of a merchant that had loaded goods in the vessel. But this is not necessary under the first section, if it come out in the evidence."

It is urged in support of the indictment that the allegation that the members of the

crew would corruptly cast her away was sufficient under this authority, even though the owner had the right himself to cast her away, because, it is said, in discussing the question whether the act was corruptly done by the mate: "But in this case, there were insurers on vessel and cargo, and a cargo on board, belonging in part to other persons than the owner. It was corruptly done as to those persons."

We do not know what the indictment charged. I do not think Justice Washington's language supports this argument, because, just after stating that there were insurers on the vessel and cargo and that the casting away was corruptly done as to those, he says: "Had the owner, in this case, done it, he would have been guilty under the second section; only, that in that case, the indictment must have stated that it was done to the prejudice of the underwriter on the vessel, or of a merchant that had loaded goods in the vessel."

 I think a proper construction of the indictment under the two sections would require, in order to make it charge an offense against the owner, that there was insurance on the vessel, or that there was freight on the vessel belonging to some one other than the owner, or that there were passengers on the boat, or some other fact showing that the owner had no right under these circumstances to have her cast away. I do not think the mere allegation that they agreed to corruptly cast her away takes the place of averring facts showing corruption. It is well recognized that, where statutes use expressions like this, it is not sufficient to use the statutory words, but the facts showing corruption must be averred just as the facts showing fraud must be averred when you charge that a thing was fraudulently done.

Taking the construction of the act by Justice Washington as being correct, and I agree with him in his construction, the act declares no penalty against the owner of the vessel unless he has the intention to prejudice a person that may underwrite a policy of insurance thereon, or a merchant that may have goods thereon, or any other owner of such vessel. For, as Justice Washington says, the owner might destroy his own property himself or cause it to be done without committing any offense against this or any other law.

If, therefore, the owner may cast away his vessel or may direct it to be done without committing an offense, how can an indictment make it an offense for the owner to direct another person to cast away such vessel unless the indictment contains the essentials found in the statute? If the doing of the act by the owner is not an offense against the law, how can an agreement between the owner and another person that the other should do the act for the owner constitute a criminal conspiracy?

The mere statement in the indictment that the agreement provided that the vessel should be willfully and corruptly cast away, in the absence of the averment of facts showing corruption, is insufficient.

It is urged that one may be guilty of a conspiracy where he agrees that another should do an act which he himself could not do. That may be true, but I do not think it possible that a man could be guilty of a conspiracy where he directs another to do an act which he himself might legally do. How could he offend a statute if he has the right to do the act condemned by it?

Again, the very section 492 begins by saying "whoever, not being an owner," so that by its express terms an owner is excepted from the class of persons who may be guilty of violating this section.

An order will be entered sustaining the demurrer.