In re NO, 32 EAST 67TH STREET, BOR-
OUGH OF MANHATTAN, CITY OF
NEW YORK.

Appeal of MARCEL ROCHAS, Inc.

Circuit Court of Appeals, Second Circuit.
May 11, 1938.

Evarts, Choate, Curtin & Leon, of
New York City (Maurice Leon, of New
York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New.
York City (Joseph Leary Delaney, Asst.
U. S. Atty., of Albany, N. Y., of counsel),
for appellees.

Gregory, Stewart & Montgomery, of
New York City (Charles G. Stevenson, of
New York City, of counsel), for trustee
in bankruptcy.

Before L. HAND, SWAN, and AU-
GUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The United States attorney has moved
for an order to recall and amend the
mandate of this court, dated April 27,
1938, which directed that the order ap-
pealed from be modified in accordance
with our opinion. The opinion directed
that the order "be modified to provide:
(1) that the search warrant be set aside,
(2) that the books, records, papers and
miscellaneous papers be returned to the
appellant, and (3) that the merchandise
be returned unless within five days after
order entered, a libel for forfeiture there-

of be filed; and in that event the motion for return will be denied." The moving papers disclose facts which were not before us when the appeal was heard and decided, namely, (1) that a libel for forfeiture of the seized merchandise was filed on December 27, 1937, and (2) that the appellant was adjudicated a bankrupt on January 20, 1938, and a trustee in bankruptcy was thereafter appointed who now asserts title to the bankrupt's assets, including the books and papers which our opinion directed to be returned to the appellant. The trustee has filed an affidavit in support of the present motion and joins in the request that the mandate be amended. The appellant has filed an affidavit in opposition.

■ No amendment of the mandate is necessary in so far as the order relates to the seized merchandise. The pendency of the libel filed December 27, 1937, may be treated as equivalent to the filing of a libel within five days after entry of order on the mandate. Whether the merchandise shall be forfeited or returned is to be determined in that proceeding. There is nothing in our mandate to prevent the trustee in bankruptcy from intervening in that proceeding if he so desires. The foregoing expression of our views as to the meaning of our opinion will be a sufficient guide to the District Court without amendment of the mandate with respect to the seized merchandise. See Claude Neon Lights v. E. Machlett & Son, 2 Cir., 31 F.2d 991.

■ Pursuant to section 11c of the Bankruptcy Act, 11 U.S.C.A. § 29(c), the trustee in bankruptcy may, with the approval of the bankruptcy court, prosecute as trustee any suit commenced by the bankrupt prior to adjudication. Our mandate will be recalled and amended to provide that the District Court may permit the trustee to intervene and be substituted for the petitioner, Marcel Rochas, Inc., and, if he does so, shall order the books and papers turned over to him. The attorneys for the appellant have no retaining lien upon such books and papers, for they were not taken from the possession of the attorneys. Whether they have a charging lien by virtue of section 475 of the New York Judiciary Act, Consol.Laws, c. 30, is a question which may be determined by the bankruptcy court if presented to it.

It is not a question before us on this motion.

Motion granted as indicated in this opinion.