## UNITED STATES v. NATIONAL BISCUIT CO.

District Court, S. D. New York.
Nov. 28, 1938.

Lamar Hardy, U. S. Atty., of New York City (Russell Hardy, Sp. Asst. to Atty. Gen., and Charles J. Nager, of New York City, of counsel), for the United States.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (John W. Davis and J. Paschall Davis, both of New York City, of counsel), for defendant.

WOOLSEY, District Judge.

I direct a verdict for the defendant in this action, and it may have a judgment dismissing the complaint.

As this is an action by the United States there will not be any costs granted to the defendant.

I. My subject matter jurisdiction in this cause is based on the fact that it is a civil suit brought by the United States. Title 28, United States Code, § 41(1), 28 U.S.C.A. § 41(1).

The venue of the action is fixed by Section 10 of the Federal Trade Commission Act, Title 15, United States Code, § 50, 15 U.S.C.A. § 50. There is not any question of venue involved.

II. A proceeding for mandamus against this defendant brought under Section 9 of the Federal Trade Commission Act—Title 15, United States Code, § 49, 15 U.S.C.A.

§ 49—was sustained by Judge Goddard who, apparently, relied, so far as the power of the Federal Trade Commission to secure the information sought was concerned, on Section 6(a) and (b) of the Federal Trade Commission Act, 15 U.S.C.A. § 46 (a, b).[1] Federal Trade Commission v. National Biscuit Company, D.C., 18 F. Supp. 667, 670.

III. The background of Judge Goddard's decision on the mandamus, cf. 18 F. Supp. at page 668, was a Joint Resolution of the two Houses of Congress—Public Resolution No. 61, 74th Congress, approved August 27, 1935, 49 Stat. 929—by which the Federal Trade Commission was authorized "to make an investigation with respect to agricultural income and the financial and economic condition of agricultural producers generally", with a view to Congressional legislation for the improvement thereof.

The Joint Resolution above referred to provides in Sections 2, 3 and 4 thereof as follows:

"Sec. 2. The Department of Agriculture, the National Recovery Administration, the Department of Justice, and other agencies of the Government are directed to cooperate with the Commission in such inquiry to the fullest extent possible.

"Sec. 3. For the purposes of this resolution the Federal Trade Commission shall have the same right to obtain data and to inspect income-tax returns as the Committee on Ways and Means of the House of Representatives or the Committee on Finance of the Senate, and to submit any relevant or useful information thus obtained to the Congress or to either House thereof.

"Sec. 4. For the purpose of carrying out this resolution the Federal Trade Commission, the Attorney General, and the courts of the United States shall have and may exercise all of the powers and jurisdiction severally conferred upon them by the Act entitled 'An Act to create a Federal Trade Commission, to define its powers and duties, and for other purposes', approved September 28, 1914."

The inquiries addressed to the defendant—as set forth in Judge Goddard's opinion, 18 F.Supp. at pages 669 and 670—were, therefore, not initiated by the Federal Trade Commission of its own motion and on its own order, but constituted an instance in which the Commission was used, quite appropriately, as a convenient instrumentality through which Congress could secure information which it considered relevant to legislation under consideration.

IV. In pursuance of this joint resolution, the Federal Trade Commission on September 19, 1935, passed a resolution providing that the Commission should carry out the investigation thus ordered by Congress.

It was in pursuance of this resolution of the Commission that the questionnaires set forth in Judge Goddard's opinion on the mandamus proceeding were propounded to the defendant and other corporations, and it is implicit in Judge Goddard's decision that the necessary steps were taken to make true answers to the questionnaire obligatory.

V. The mandamus proceeding before Judge Goddard was unsuccessfully resisted by the defendant, and an appeal taken by

---

[1] These Sections of the Federal Trade Commission Act read as follows (italics mine):

"Sec. 6 [§ 46]. The commission shall also have power—

"(a) To gather and compile information concerning, and to investigate from time to time the organization, business, conduct, practices, and management of any corporation engaged in commerce, excepting banks and common carriers subject to the Act to regulate commerce, and its relation to other corporations and to individuals, associations, and partnerships.

"(b) *To require, by general or special orders*, corporations engaged in commerce, excepting banks, and common carriers subject to the Act to regulate commerce, or any class of them, or any of them, respectively, to file with the commission in such form as the commission may prescribe *annual or special, or both annual and special, reports or answers in writing to specific questions*, furnishing to the commission such information as it may require as to the organization, business, conduct, practices, management, and relation to other corporations, partnerships, and individuals of the respective corporations filing such reports or answers in writing. Such reports and answers shall be made under oath, or otherwise, as the commission may prescribe, and shall be filed with the commission within such reasonable period as the commission may prescribe, unless additional time be granted in any case by the commission."

it from his decision. This appeal was, for reasons not necessary here to discuss, dismissed by agreement of the parties, and the defendant thereafter gave all the information asked for by the Commission and ordered by Judge Goddard to be given.

VI. The United States now asks judgment in the instant action for a fine—under Section 10 of the Federal Trade Commission Act, 15 U.S.C.A. § 50—of $100 per day from and including February 16, 1936 to and including March 30, 1937, which covers the period of the litigation regarding the mandamus and the abortive appeal.

■ VII. That this proceeding for a penalty is not precluded on constitutional grounds, nor by an election of remedies due to the proceeding for a mandamus by the Federal Trade Commission is made clear—without going into further discussion of the authorities—by the case of United States v. Clyde Steamship Company, 2 Cir., 36 F.2d 691.

■ VIII. Reflection on this interesting cause, however, convinces me that the defendant must prevail, for what was involved here was, as is clear in Judge Goddard's opinion, a questionnaire—vid. Federal Trade Commission v. National Biscuit Company, D.C., 18 F.Supp. 667, at pages 668 and 669—and the power of the Federal Trade Commission with regard to questionnaires is found, I hold, only in Section 6 (b) of the Federal Trade Commission Act, 15 U.S.C.A. § 46(b), which provides for the enforcement of "answers in writing to specific questions", and not in Section 10 thereof providing for "annual and special reports" "required by this Act", for failure to file which, Section 10 exacts the forfeiture herein sought.[2]

IX. It seems to me that the provisions as to the sanctions for enforcing Section 6 (a) and (b) and Section 10 are different.

Section 6(a) and (b) is, as Judge Goddard has held, enforced by a mandamus.

Section 10 has as its sanction a penalty.

■ Furthermore, it is only when the Commission shall have provided by general or special orders under Section 6(b) for annual or special reports, that the penalties under Section 10 would become operative on failure to make such reports in accordance with the provisions thereof.

In the instant case I have before me a claim for penalty for failure to answer a questionnaire, which would come under the provision of Section 6(b) giving the Commission a right to require to have filed with it "answers in writing to specific questions".

■ I think that the "annual or special reports" referred to in Section 10 do not include answers to a questionnaire, and that, consequently, the present action for penalties cannot be sustained.

X. Pursuant to agreement each side has moved for a verdict in its favor.

■ I direct a verdict for the defendant, and assume that the plaintiff takes objection—in accordance with the Rules of Civil Procedure, No. 46, 28 U.S.C.A. following section 723c, under which I understand no formal exception is necessary—to this ruling on the ground that it is contrary to law and to the facts herein.

---

[2] Section 10 of the Federal Trade Commission Act, 15 U.S.C.A. § 50, reads, so far as here relevant, as follows (italics mine):

"If any corporation *required by this Act* [*subdivision of this chapter*] *to file any annual or special report* shall fail so to do within the time fixed by the commission for filing the same, and such failure shall continue for thirty days after notice of such default, the corporation shall forfeit to the United States the sum of $100 for each and every day of the continuance of such failure, which forfeiture shall be payable into the Treasury of the United States, and shall be recoverable in a civil suit in the name of the United States brought in the district where the corporation has its principal office or in any district in which it shall do business. It shall be the duty of the various district attorneys, under the direction of the Attorney General of the United States, to prosecute for the recovery of forfeitures. The costs and expenses of such prosecution shall be paid out of the appropriation for the expenses of the courts of the United States."