FLEMING v. ARSENAL BLDG. CORPORATION et al.

In re WIESEN.

District Court, S. D. New York.

Aug. 9, 1940.

676

See, also, 38 F.Supp. 207.

Gerard D. Reilly, Solicitor, and Irving J. Levy, Asst. Solicitor, both of Washington, D. C., and Walter C. Bryan, Regional Atty., and Irving Rosen, both of New York City and Louis P. Haffer, of Washington, D. C., for plaintiff.

Sidney O. Raphael, of New York City, for petitioner, Max Wiesen.

McLanahan, Merritt & Ingraham, of New York City (Kenneth C. Newman, Associate Counsel of New York City, Walter Gordon Merritt, Burgess Osterhout, and Hyler Connell, all of New York City, of counsel), for defendants.

CLANCY, District Judge.

We have used as headings for this decision the titles given to their motions by each of the moving parties. Each of the orders to show cause on which the motions were instituted also bears the legend "Civil Action No. 8–68." The defendants named in the first title and the petitioner, Wiesen, all move to vacate and quash a subpœna served on Wiesen. We think the heading "Philip B. Fleming, Administrator, Wage and Hour Division, United States Department of Labor v. Arsenal Building Corporation and Spear & Co. Inc." is an arrogation by the attorney for those defendants of a title that does not belong to his application. The subpœna sought to be quashed in these motions is a subpœna of the Wage and Hour Division of the Department of Labor issued by the officer designated by the Administrator of that Division and returnable before one of its officers at, it so happens, a room in this courthouse. The fact that the subpœna alleges a pending investigation in the matter of the two corporations which are defendants in an action now pending in. this Court and even involving an investigation of alleged violations of the same sections of the Fair Labor Standards Act claimed to have been violated in the complaint in the pending action, do not at all constitute them subpœnas of this Court. Indeed, it does not necessarily imply an investigation of matters at issue in the pending action. The objection that they are issued by one, Kelly, the Regional Director, instead of by the Administrator is not valid. Section 4(c) of the Fair Labor Standards Act, 29 U.S.C.A. § 204 (c). The rules of the Federal Courts have no application here. Neither subpœna nor examination is of this Court. There is no action pending in this Court in which these

motions can be made. Counsel for Wiesen says that his application is a special proceeding. We do not know of any special proceeding to summarily quash subpœnas of Federal Commissions. This Court has summary jurisdiction to control the United States Attorney who is its officer and did so in In re Storror, D.C., 63 F. 564; In re Shaw, C.C., 172 F. 520. It has jurisdiction of Bankruptcy cases and exercised it in Re Hall, D.C., 296 F. 780. Of course, it controls its own processes and did so in Janssen v. Belding-Corticelli, 3 Cir., 84 F.2d 577, including the search warrants of its commissioner who is its agent, as In re No. 32 East 67th Street, 2 Cir., 96 F.2d 795.

We are unaware of any like summary jurisdiction over the Department of Labor or its subordinates. The extent of our equity jurisdiction to correct what citizens say are their unlawful acts can be determined when application for such relief is properly made and jurisdiction of the officers intended to be affected by such equitable relief has been properly obtained. It has not been in this case. The statute, Section 9, 29 U.S.C.A. § 209, provides a proceeding somewhat summary in form, if not in content, to be instituted by the Department of Labor and the procedure there provided by its adoption of the Trade Commission Act, 15 U.S.C.A. §§ 49 and 50, has been sustained by the Supreme Court. Federal Trade Commission et al. v. Claire Furnace Company, et al., 274 U.S. 160, 47 S.Ct. 553, 71 L.Ed. 978. The practice is a compromise developed out of a comparison of conveniences between the Government and its citizens in the operations of the Commissions and of the Courts. The applicants claim that the penalties of Section 50 are incurred even before they are given an opportunity to be heard under Section 49. The operation of the law, like all human affairs, depends on the integrity and common sense of its executives. Nothing that reflects on either has been shown in this case thus far. Whether these sections are exclusive or supplementary need not be decided here. Section 50, being penal, would undoubtedly be strictly construed. See United States v. National Biscuit Co., D.C., 25 F.Supp. 329. We are giving no attention to what may be technical defects in the motions of the corporations.

The motions are denied.