## DUARTE v. UNITED STATES.

No. 12290.

United States Court of Appeals
Fifth Circuit.

Feb. 1, 1949.

972

Henry E. Kahn, of Houston, Tex., for appellant.

Brian S. Odem, U. S. Atty. and Newton M. Crain, Jr., Asst. U. S. Atty., both of Houston, Tex., for appellee.

Before HUTCHESON, WALLER and LEE, Circuit Judges.

. HUTCHESON, Circuit Judge.

Convicted on two of five counts charging violations of the Mann Act,[1] and acquitted on the other three, defendant has appealed.

Of the six specifications of error, on which he relies for reversal, one deals with the motion to quash the indictment because no competent evidence was presented to the grand jury, three deal with rulings on evidence,[2] and two deal with errors in the charge.[3]

Unfortunately for appellant, there is no merit in his two basic attacks upon his conviction,[4] and if there was error in any of the other matters assigned, it was not prejudicial.

■■ As to the indictment, while we agree with appellant that he was entitled to show, if he could, that the indictment was not based upon evidence, we agree with the appellee that the charge that it was not was not sustained.

■■ As to the sufficiency of the evidence to support the jury's verdict of guilty on counts one and three, while the evidence as to appellant's guilt was to some extent circumstantial, it was of a very strongly convincing nature. The failure of defendant to testify could not, of course, be taken against him, but that failure left entirely unexplained facts and circumstances which pointed unerringly to his guilt.

■■ As to the claimed errors in the admission and exclusion of evidence, we find no basis for the claim of reversible error. The admission of the hotel registration card, if error, was certainly not prejudicial. The refusal to permit Boone to state the evidence he gave to the grand jury in no manner deprived defendant of his substantial right to prove that there was no testimony before the grand jury.

■ As to Lucille Short, defendant having made her his own witness, it was not error to receive for impeachment purposes contradictory statements she had made. But if it was, in view of defendant's acquittal on counts two and four, which dealt with her, it was harmless.

■ No better taken is the complaint that the court refused to charge on accomplice testimony as to the witness Russell. In two of the counts this woman was charged as defendant's victim. The requested charge was general. It did not distinguish between these counts and the other counts as to which she might have been an accomplice.

■ Too, the requested charge assumed that, without submitting whether, the witness was an accomplice in respect of these other counts. It thus invaded the province of the jury. In addition, if it should be considered that the request was sufficient to suggest a proper issue to the

---

[1] Secs. 398 and 399 [now §§ 2421, 2422] Title 18 U.S.C.A.

[2] One of these attacks the admission in evidence of the general hotel registry; another, the refusal to allow the witness Boone to testify as to the evidence he gave before the grand jury; and the third, the receipt in evidence of a written statement impeaching defendant's witness, Lucille Short, one of the indictment victims.

[3] One of these is the failure to direct a verdict of acquittal for want of evidence. The other is the failure to charge that Russell, one of the indictment victims, was an accomplice, and that the jury should be cautious in considering her testimony.

[4] (1) That the indictment should have been quashed; and (2) that a verdict was demanded in his favor for want of evidence against him.

jury, it is quite plain that the refusal to give such a charge was not prejudicial error here. The jury acquitted defendant on the Lucille Short charges, the only charges on which it might have been claimed that the Russell woman was an accomplice.

No reversible error appearing, the judgment is

Affirmed.