**UNITED STATES v. O'ROURKE.**
**No. 53 CR 202.**

United States District Court,
N. D. Illinois.

Oct. 15, 1953.

John J. Toohey, Chicago, Ill., for defendant.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for United States.

HOFFMAN, District Judge.

This is a motion to dismiss the indictment.

The indictment was brought for the entry of false weights under the Packers and Stockyards Act, as amended, 7 U.S.C.A. § 181 et seq. Section 222 of the last mentioned Act incorporates into the Act the provisions of Sections 46 and 48–50 of Title 15 of the Code. Title 15 is the Federal Trade Commission Act.

The indictment charges that the defendant was employed as a weighmaster at the Union Stock Yards, Chicago, which is a posted stock yards. There are 32 counts and each one alleges that the defendant "wilfully and knowingly made a false entry" in the records of the Yards by showing an incorrect weight on the specified sales ticket for a specified number of hogs for an indicated owner and purchaser.

The defendant filed a motion to dismiss the indictment on seven grounds, which may be summarized as follows:

1. No offense is charged under the relevant statute.

2. The acts complained of are subject to the prior and exclusive jurisdiction of the Secretary of Agriculture as to their lawfulness, and the Secretary having made no inquiry, the court has no jurisdiction. The contention as to the jurisdiction of the Secretary is based on Section 221 of Title 7, although the defendant does not specifically refer to this Section.

3. The indictment fails to allege that under Section 221 the Secretary found the records were insufficient.

4. The indictment fails to allege the facts which constitute a wilful and knowingly false entry by defendant. Defendant was not sufficiently informed of the acts or omissions charged.

5. The indictment is vague and indefinite.

6. The indictment was returned on hearsay and other improper testimony. (No affidavit or other evidence on this point was submitted.)

7. An unauthorized person, namely, Benjamin Holstein, an attorney in the Department of Agriculture, was present in the Grand Jury room without permission of the court.

Title 7 U.S.C.A., cited as the "Packers and Stockyards Act", is the basic statute. Section 201 et seq. relate to "Stockyards and Stockyard Dealers". The purpose of the Act is to insure, without discrimination, reasonable stockyards services, Sec. 205, reasonable and non-discriminatory rates, Sec. 206, and the elimination of unjust or discriminatory practices. Sec. 208.

Sec. 221 enacts that every "packer or any live poultry dealer or handler, stockyard owner, market agency, and dealer" shall keep records adequate to fully disclose all transactions, and that if the Secretary finds the records are insufficient, he may prescribe the manner and form in which the records shall be kept.

Sec. 222 reads as follows:

"For the efficient execution of the provisions of this chapter, and in order to provide information for the use of Congress, the provisions (including penalties) of sections 46 and 48–50 of Title 15, are made applicable to the jurisdiction, powers and duties of the Secretary in enforcing the provisions of this chapter and to any person subject to the provisions of this chapter, whether or not a corporation. The Secretary, in person or by such agents as he may designate, may prosecute any inquiry necessary to his duties under this chapter in any part of the United States."

As epitomized for the purposes of the instant case, the foregoing section may be condensed to read as follows:

"For the efficient execution of the provisions of this chapter, * * * the provisions (including penalties) of sections * * * 50 of Title 15, are made applicable * * * to any person subject to the provisions of this chapter * * *."

■ It may be remarked parenthetically that since the purpose of the Act is to regulate packers, poultry dealers, stock yard owners, marketing agencies and dealers, some doubt arises as to whether Section 222, supra, would apply to a mere employee of one of the foregoing. Viewing Section 222 together with Section 50· of the Federal Trade Commission Act, it would seem, however, that the construction eliminating the application of the combined statutes to employees would be overly narrow and calculated to defeat the obvious purposes of the Act.

Section 50 of the Federal Trade Commission Act, 15 U.S.C.A., provides in the second paragraph in part as follows:

"Any person who shall willfully make, or cause to be made, * * * any false entry in any account, record, or memorandum kept by any corporation subject to said sections * * * shall be deemed guilty of an offense against the United States, and shall be subject, upon conviction in any court of the United States of competent jurisdiction, to a fine of not less than $1,000 or more than $5,000, or to imprisonment for a term of not more than three years, or to both such fine and imprisonment."

■ As pointed out by the Government in its brief, the defendant makes the error of construing Sections 221 and 222, Title 7, as integrated parts of a single statutory provision. This is not the case. Section 221 relates to the method, form and completeness of the record-keeping, whereas Section 222 and the incorporated provisions of Section 50 of Title 15 relate to dishonest and knowingly incorrect entries, irrespective of the style of bookkeeping. Thus, an antecedent inquiry and order by the Secretary of Agriculture is not a condition precedent to charging a violation for a wilfully false entry.

■ The defendant makes the point that the indictment is vague and that the charge that the defendant "wilfully and knowingly made a false entry" is a mere conclusion. The indictment is in the words of the statute and this has been held sufficient.

In United States v. Franklin, 7 Cir., 1951, 188 F.2d 182, 186, Judge Finnegan said:

"An indictment which charges a statutory crime by following substantially the language of the statute is amply sufficient provided that its generality neither prejudices defendant in the preparation of his defense nor endangers his constitutional guarantee against double jeopardy * * *."

The instant indictment, in addition to the charge of false entry, supplies the scale ticket, number, the weights, and the name of the owner and purchaser of the hogs involved. The defendant's point is not well taken.

■ The motion to dismiss challenges the competency of the testimony before the Grand Jury, without any supporting affidavit or other submission.

While the holdings of the several Federal Courts on this general subject are not uniform, none of the cases would support the instant challenge. Some of the decisions hold that the sufficiency of the evidence before the Grand Jury is not a subject for inquiry if the proceedings are regular on their face. United States v. Atlantic Commission Co., D.C. N.C.,1942, 45 F.Supp. 187.

Other courts permit a review of the action of the Grand Jury, but only "in extreme cases of positive allegations or fraud or corruption, or positive allegations that no evidence of any kind had been admitted, and therefore the indict-

ment was the result of caprice * * *." United States v. Gouled, D.C.N.Y., 1918, 253 F. 242, 244; Kastel v. United States, 2 Cir., 1927, 23 F.2d 156.

On page 4 of the defendant's brief he reiterates the point, indicated in his motion, to the effect that a violation of Section 10 of the Federal Trade Commission Act, 15 U.S.C.A. § 50, as applied to the Packers and Stockyards Act, occurs only if the accused has falsified a record which has been ordered to be kept by specific order of the Secretary. This obviously is an erroneous conclusion.

Section 221, Title 7 provides that every stockyards owner "shall keep such accounts, records, and memoranda as fully and correctly disclose all transactions * * *." It continues that if the records are found, on inquiry by the Secretary, to be inadequate, the Secretary may prescribe the records to be kept. Thus, if the records which the stockyards owner has undertaken to keep in pursuance of the mandate of the statute are deliberately falsified, the violation of Section 50 of Title 15 manifestly occurs.

The defendant lays stress on the contention that the provisions of the Federal Trade Commission Act, incorporated in the Stockyards Act, do not broaden the essential purposes and powers conferred by the Stockyards Act itself. This may be true, but the incorporation is clearly stated not only to be for the purpose of providing information, but "For the efficient execution of the provisions" of the Stockyards Act. One of the essential provisions of the Stockyards Act is the requirement that adequate records be kept. The enactment of a penalty for the deliberate falsification of records is, in effect, a means of providing "For the efficient execution of the provisions" of the Act.

Counsel cite Cudahy Packing Co. v. United States, 7 Cir., 1926, 15 F.2d 133, which is manifestly not in point. This was a mandamus action to require the packing company to permit the Secretary's auditor to examine and copy its books and records. The court held that the incorporated provisions of the Federal Trade Commission Act were not broad enough to justify such a demand.

In support of his contention that the hearing before the Secretary is an essential preliminary to the imposition of a penalty, defendant cites United States v. Brown, D.C.Okl., 1925, 4 F.2d 270. The case, however, is quite distinct from the one at bar. It was a criminal prosecution under the Criminal Code for a conspiracy to violate the mandate of the Stockyards Act against unfair and discriminatory practices. The court held that the indictment must fail because the law had clearly committed to the Secretary of Agriculture authority to hear and determine matters relating to discriminatory practices, and that the courts could not intervene until proceedings before the Secretary had reached finality. The findings made by the Secretary would be conclusive and binding in subsequent litigation before the courts. It cannot be contended here that the Secretary had any authority to determine whether or not the defendant made a deliberately false entry on the records.

The defendant cites Kelly v. Union Stockyards & Transit Co., 7 Cir., 1951, 190 F.2d 860. This case is not in point if the foregoing recommended construction of the statutory provisions are sound. It does represent an interesting quirk in the law, which has some superficial relevancy to the instant case. It was a motion by the plaintiffs for an injunction to restrain the stockyards from removing the plaintiffs from its "Open Order List". Plaintiffs were independent registered dealers in live stock. The removal from the Open Order List followed a confession of false weights by certain weighmasters with whom the plaintiffs were involved. The secretary had issued an order of inquiry into the charges. Section 209 of Title 7 embraces two paragraphs as follows:

"(a) If a stockyards owner violates any of the provisions of designated sections relating to discriminatory and unfair practices 'he shall be liable to the person or persons in-

jured thereby for the full amount of damages sustained \* \* \*.'

"(b) Such liability may be enforced either (1) by complaint to the Secretary as provided in section 210 of this title, or (2) by suit in any district court of the United States of competent jurisdiction; but this section shall not in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies."

Notwithstanding the provisions of the statute, the court, relying on certain Supreme Court cases involving analogous provisions of the Interstate Commerce Act, 49 U.S.C.A. § 1 et seq., held that under the circumstances of the case, the courts had no jurisdiction until the questions of fact involving the alleged discriminatory and unfair practices had first been determined in proceedings before the Department of Agriculture. Said Judge Lindley, 190 F.2d at page 864:

"To say, however, that the primary jurisdiction doctrine is applicable to cases arising under the Packers and Stockyards Act is not to say that it applies to defeat the jurisdiction of the courts in all such cases, for the Supreme Court has clearly indicated that the doctrine is operative only in certain classes of cases, those in which 'the inquiry is essentially one of fact and of discretion in technical matters; and uniformity can be secured only if its determination is left to the Commission.' "

In the foundation case in the Supreme Court involving the Interstate Commerce Act, Mr. Justice White said, Texas & P. R. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 442, 27 S.Ct. 350, 356, 51 L.Ed. 553:

"In other words, we think that it inevitably follows from the context of the act that the independent right of an individual originally to maintain actions in courts to obtain pe-

cuniary redress for violations of the act, conferred by the 9th section, must be confined to redress of such wrongs as can, consistently with the context of the act, be redressed by courts without previous action by the Commission, and, therefore, does not imply the power in a court to primarily hear complaints concerning wrongs of the character of the one here complained of."

■■ Where no question of fact or administrative discretion is involved, however, the courts have jurisdiction without preliminary resort to the administrative department. Great Northern R. Co. v. Merchants' Elevator Co., 259 U.S. 285, 42 S.Ct. 477, 66 L.Ed. 943. Here again the irrelevancy of the citation is founded on the fact that nowhere in the Act is the Secretary given the right to any administrative discretion or the right to determine any facts in connection with the charge that the defendant deliberately falsified weights.

■ The defendant cites cases on the technical insufficiency of the indictment, which merit brief comment.

In United States v. Murphy, D.C.Ala. 1931, 50 F.2d 455, the defendants were indicted for wilfully and corruptly casting away a certain steamship. The indictment was essentially in the language of the statute. It was held insufficient because it further appeared from the indictment that the defendants acted at the instance of the owner of the vessel. There was no showing that any third parties had any interests which were violated by the offense charged.

A short quotation from Duarte v. United States, 5 Cir., 1949, 171 F.2d 971, at page 972 is sufficient to expose the irrelevancy of the case:

"As to the indictment, while we agree with appellant that he was entitled to show, if he could, that the indictment was not based upon evidence, we agree with the appellee that the charge that it was not was not sustained."

Finally, the defendant makes the point that Holstein, an unauthorized person, was in the Grand Jury room. No proof is offered, and the Government denies the charge in its brief.

The motion to dismiss the indictment is denied.