### UNITED STATES v. CANNON.
### 53 CR 207.

United States District Court
N. D. Illinois.

Oct. 15, 1953.

---

John J. Toohey, Chicago, Ill., for defendant.

Otto Kerner, Jr., U. S. Atty., Chicago, Ill., for plaintiff.

HOFFMAN, District Judge.

This is a motion to dismiss an indictment brought, under the Packers and Stockyards Act, 7 U.S.C.A. § 181 et seq., for the entry of false weights. It is similar in all important respects to the case of United States v. O'Rourke, D.C., 116 F.Supp. 857. Except for factual particulars the indictments are the same, and both motions to dismiss raise the same issues. The memorandum submitted in the O'Rourke case is in all respects applicable here.

■■■ There is one point involved in both cases on which a further elucidation may be in order. The indictments were brought under Section 222 of the Packers and Stockyards Act, 7 U.S.C.A. Sec. 222. This Act specifically incorporates by reference Section 50 of the Federal Trade Commission Act, 15 U.S.C.A. Sec. 50. This Section of the Federal Trade Commission Act provides in part as follows:

"Any person who shall willfully make, or cause to be made * * * any false entry in any account, record, or memorandum kept by any corporation subject to said section * * * shall be deemed guilty of an offense against the United States * * *."

Standing alone, this Section would appear to make any person employed in any capacity who made a false record of any kind in any records of a corporation subject to the Federal Trade Commission Act guilty of a crime against the United States. Although the limitation does not appear on the face of the Act, it is reasonable to assume that the penal provision was intended to punish false entries in records required to be kept by the Act or by order of the Commission. See United States v. National Biscuit Co., D.C., 25 F.Supp. 329.

■■■ When this provision is read into the Packers and Stockyards Act the doubt as to its scope remains. The defendant has argued that the provision applies only to records required to be kept by order of the Secretary of Agriculture. This appears to be too narrow a construction. Section 222 of the Packers and Stockyards Act above cited provides as follows:

"For the efficient execution of the provisions of this chapter * * * the provisions (including penalties) of sections 46 and 48–50 of Title 15, are made applicable to the jurisdiction, powers, and duties of the Secretary in enforcing the provisions of this chapter * * *."

It would seem, then, that the penalties of Section 50 for false entries apply to all records required to be kept by the Packers and Stockyards Act for the efficient execution of its provisions. The provision is not extended to all records of corporations subject to the Act, nor limited to only such records as may be specifically required by the Secretary. As is pointed out in the memorandum on the O'Rourke case, Section 221 of the Packers and Stockyards Act requires

that accounts, records and memoranda that fully and correctly disclose all transactions in posted stockyards be kept. The defendant is charged with making a false entry in such records.

The motion to dismiss the indictment is denied.