**IONIAN SHIPPING COMPANY,**
**Plaintiff,**

v.

**BRITISH LAW INSURANCE CO. Ltd.,**
**et al., Defendants.**

**No. 69 Civ. 1731.**

United States District Court,
S. D. New York.

June 10, 1970.

Poles, Tublin, Patestides & Stratakis, New York City, John G. Poles, Alvin L. Stern, New York City, Edw. F. Gerace, Port Washington, N. Y., of counsel, for plaintiff.

Symmers, Fish & Warner, New York City, for defendant British Law Ins.

Abraham E. Freedman, New York City, Ned R. Phillips, New York City, of counsel, for defendant Christos Christakis.

## MEMORANDUM

TENNEY, District Judge.

In the above-entitled action, plaintiff Ionian Shipping Company (hereinafter referred to as "Ionian"), a Liberian corporation, seeks to recover from defendant British Law Insurance Co., Ltd. (hereinafter referred to as "British Law

Insurance") on an insurance policy for the loss of its vessel, the M/T "SOFIA M," a Liberian flag vessel. In April 1968, Ionian gave the Chase Manhattan Bank (National Association) a First Preferred Ship Mortgage, and in order to protect its interest the mortgagee required Ionian to obtain and keep in force marine hull insurance. In May 1968, Ionian obtained a $500,000 policy from British Law Insurance for one year, which policy contained provisions for payments to Chase and Ionian "as their respective interest may appear." On July 24, 1968, the "SOFIA M" ran around at Punta Gallinas, Colombia, and allegedly became a total loss. British Law Insurance has refused to pay the insurance proceeds, claiming that the grounding was intentional.

At the time of the loss of the vessel, its Master was Christos Christakis. Christakis is presently a resident of New York State but is not an American citizen. He is not a party to the present action but is the plaintiff in an action against Ionian in a New York State court. On January 28, 1970, plaintiff Ionian attempted to depose Christakis, at which time he refused to answer substantially all of the questions propounded on the ground that any answer might tend to incriminate him.

Ionian now moves, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel answers to the questions with respect to which Christakis asserted his constitutional privilege.

The questions are as follows:

1. How long have you resided there (15606 71st Avenue, Flushing, New York, as per response to prior question)?

2. Are you an American citizen?

3. Do you hold any maritime license?

4. Do you hold any Greek license?

5. How long were you employed at sea?

6. Have you ever sailed in the Greek Merchant Marine?

7. Have you ever served in the Greek navy?

8. Have you ever been employed by a company called Avon Steamship Company?

9. Have you ever sailed aboard a vessel called the "PENNANT"?

10. Have you ever sailed aboard a vessel called the "MICHAEL L"?

11. Have you ever sailed aboard a vessel known as the "GOLDEN FALCON"?

12. Have you ever sailed aboard a vessel called the "GOLDEN EAGLE"?

13. Have you ever been employed by a shipping company called Triton Shipping Company?

14. Have you ever sailed for National Bulk Carriers?

15. Have you ever sailed for Goulandris?

16. Have you ever filed suit against the plaintiff herein, Ionian Shipping Company, claiming that you suffered personal injury while you were the Master of the "SOPHIA M"?

17. Did you commence an action for alleged personal injuries while you served as Captain of the vessel known as the "SOPHIA M"?

18. Were you employed as Captain aboard the vessel known as the "SOPHIA M"?

19. Were you the Master aboard the vessel "SOPHIA M" when she grounded off Point Gallinas in Colombia?

20. What were you doing aboard as Master of the "SOPHIA M"?

21. Do you recall, Captain, the vessel "SOPHIA M" going aground off Point Gallinas in Colombia while you were Master of the vessel?

22. Do you recall when she went aground?

23. Did she go aground on July 24, 1968?

24. Captain, did you deliberately place that vessel aground?

25. Captain, did the owner of the vessel ask you to deliberately place this vessel aground?

26. Did you deliberately cause this vessel to burn after she went aground?

27. Did the owner ask you to set this vessel on fire after she went aground?

28. Did the owner promise you money for deliberately grounding this vessel?

29. Did the owner deliberately promise you money for setting this vessel on fire?

30. Was any money offered to you by the owner for setting this vessel afire, if, in fact, you did set this vessel afire?

31. Did you at any time tell a man by the name of Laotaris that the owner had promised to give you $60,000 and promised to give Laotaris $15,000 for deliberately grounding and setting this vessel on fire?

32. Captain, did any one ask you to deliberately set this vessel aground or set her afire?

33. You are aware of the fact that my questions are directed to the vessel "SOPHIA M" while you were Master of that vessel in relationship to the grounding and fire at Point Gallinas in Colombia?

It is not disputed that in the State court action Ionian asserted counterclaims against Christakis, alleging that he converted money entrusted to him. Furthermore, it seems clear that defendant British Law Insurance, in support of its defense in the instant action, is attempting to prove that the loss of the "SOFIA M" was deliberate and intentional, and that Christakis was a co-conspirator with Ionian and others to ground and set the vessel afire. It also would appear to be undisputed that Christakis did answer certain of the questions involved herein when he was deposed as party plaintiff in the State court action. By reason of such prior answers, Ionian contends he should be compelled to answer the questions propounded in the instant proceeding.

The fact that Christakis, in his deposition as plaintiff in the State court action, may have waived the privilege as to certain of the questions asked does not affect his rights as a witness in the instant suit. A waiver of the privilege must occur in the same preceeding in which it is sought to be invoked. United States v. Goodman, 289 F.2d 256, 259 (4th Cir.), vacated, 368 U.S. 14, 82 S.Ct. 127, 7 L.Ed.2d 75 (1961); United States v. Miranti, 253 F.2d 135, 139 (2d Cir. 1958). The privilege may be asserted in any civil proceeding or pretrial examination where there is a reasonable apprehension of criminal prosecution. McCarthy v. Arndstein, 266 U.S. 34, 45 S.Ct. 16, 69 L.Ed. 158 (1924); Duffy v. Currier, 291 F.Supp. 810, 814 (D.Minn. 1968); Gulf Oil Corp. v. Tug Kate Malloy, 291 F.Supp. 816, 817 (E.D.La. 1968); Lowe's of Roanoke, Inc. v. Jefferson Standard Life Ins. Co., 219 F. Supp. 181, 189 (S.D.N.Y.1963).

The question presented, therefore, is whether, under the circumstances, there is justification for Christakis's silence based upon the possibility that the questions may be self-incriminating. Such determination, of course, rests with the Court. Rogers v. United States, 340 U.S. 367, 71 S.Ct. 438, 95 L. Ed. 344 (1951). The test of whether or not a question is subject to the privilege is that "it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Hoffman v. United States, 341 U.S. 479, 486–487, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951). This immunity from self-incrimination extends not only to answers which would in themselves support a conviction under a criminal statute but also to those answers which would furnish a link in the chain of evidence necessary to prosecute one under a criminal statute. Hoffman v. United States, *supra*; Blau v. United

States, 340 U.S. 159, 71 S.Ct. 223, 95 L. Ed. 170 (1950); United States v. Chandler, 380 F.2d 993, 997 (2d Cir. 1967). Moreover, the privilege extends to protection against prosecution for state crimes as well as federal. Murphy v. Waterfront Comm., 378 U.S. 52, 77–78, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964).

 Ionian, while not necessarily disputing the foregoing legal propositions, claims that no justification for invoking the privilege exists since neither federal nor state criminal jurisdiction exists under the circumstances. The contention is that the examination related, at least in part, to events occurring while Christakis was Master of a Liberian flag vessel while said vessel was in international or Colombian waters, and that Christakis, a non-citizen, does not hold any license subject to revocation under federal or state law. It is true, of course, that the privilege cannot be invoked *"where prosecution would be a mere imaginary possibility, remote and improbable."* United States v. Goodman, *supra,* 289 F.2d at 259. It is also true that the privilege has not been extended to protect against criminal prosecution in some foreign country.

However, the Court cannot lightly dismiss the witness's assertion that answers to the questions propounded of him may subject him to prosecution in the federal or state courts. For example, it is suggested that those questions dealing with the witness's employment as Master of the "SOPHIA M" and his actions in connection with the loss of the vessel, if answered in the affirmative, would spell out the statutory crime of Plunder of a Distressed Vessel, 18 U.S. C. § 1658, or a conspiracy to commit that crime. The fact that the "plundered" vessel may have been aground in Colombian waters would not necessarily deprive the federal courts of jurisdiction. Indeed, there is abundant authority for the proposition that acts committed in a foreign country and intended to have effect in the United States are within the criminal jurisdiction of the federal courts. Rivard v. United States,

375 F.2d 882 (5th Cir.) cert. denied, Groleau v. United States, 389 U.S. 884, 88 S.Ct. 151, 19 L.Ed.2d 181 (1967); United States v. Braverman, 376 F.2d 249, 251 (2d Cir.), cert. denied, 389 U.S. 885, 88 S.Ct. 155, 19 L.Ed.2d 182 (1967).

In the instant case the vessel was not only insured by the defendant herein; it was also subject to a First Preferred Mortgage, the mortgagee being the Chase Manhattan Bank (later the Allied Chemical Corporation by assignment). See Ionian Shipping Co. v. British Law Ins. Co., Ltd., 426 F.2d 186 (2d Cir. 1970). One need only refer to various crimes relating to shipping, *i. e.,* Title 18, United States Code, Sections 2271, 2272, 2276, to realize the serious implications of the questions propounded which, while appearing in many instances to be innocuous, could clearly narrow an incriminating net about the witness. In the light of the foregoing, the motion to compel the witness to answer must be denied.

So ordered.