**UNITED STATES of America, Plaintiff,**

v.

**John Russell Chalmers GIDLEY, Defendant.**

**No. CR–75–0415 RFP.**

United States District Court, N. D. California.

April 20, 1976.

Robert E. Carey, Jr., Asst. U. S. Atty., San Francisco, Cal., for plaintiff U. S.

Fredrick G. Harris, Patmont & Myers, San Francisco, Cal., for defendant Gidley.

**MEMORANDUM AND ORDER**

PECKHAM, Chief Judge.

Defendant John Russell Chalmers Gidley has filed a motion challenging the legal

---

sufficiency of the indictment under which he is charged. From the stipulated facts presented to the court, we conclude that defendant's motion must be granted.

Defendant was the owner of a wooden vessel, the *Wayfarer II*, insured by Talbot, Bird & Co. On November 17, 1974, defendant willfully opened sea cocks and portholes on the ship to admit water into the vessel. Defendant abandoned the vessel and returned to shore on a passing Coast Guard helicopter, whose crew apparently failed to notice the sinking ship. The following morning, Captain John Snodgrass, master of the tug *Artemia*, overheard a radio broadcast of a fishing vessel which had sighted the sinking *Wayfarer II*. The *Artemia* located the *Wayfarer II*, which was 95% submerged, and towed the ship to Moss Landing. The next day, Marine Laboratory employees pumped the vessel dry, salvaging it in approximately four hours. The *Wayfarer II*, which sustained relatively little damage,[1] has been buoyant and seaworthy since that date.

Defendant stands indicted under 18 U.S.C. § 2272, an 1804 statute imposing criminal liability on a vessel owner who willfully destroys a ship for the purpose of collecting insurance proceeds:

> Whoever, upon the high seas or on any other waters within the admiralty and maritime jurisdiction of the United States, willfully and corruptly casts away or otherwise destroys any vessel of which he is owner, in whole or in part, with intent to injure any person that may underwrite any policy of insurance thereon, or any merchant that may have goods thereon, or any other owner of such vessel, shall be imprisoned for life or for any term of years.

The stipulated facts on this motion established that defendant attempted to destroy the *Wayfarer II*; however, he succeeded only in inflicting temporary injury to the ship. The issue, therefore, raised by defendant's motion to dismiss the indictment is whether attempted or partial destruction constitutes a proscribed act under 18 U.S.C. § 2272.

The United States criminal code contains no general attempt provision. *United States v. Padilla*, 374 F.Supp. 782, 787, n. 7 (2d Cir. 1967). Thus, defendant may be punished for attempted destruction of his vessel only if Congress included attempted conduct in section 2272. The language of section 2272 conspicuously omits "attempt" within its terms. This omission is striking because a companion statute, criminalizing destruction of a vessel by a nonowner, specifically includes attempt among the enumeration of prohibited acts:

> Whoever, not being an owner, upon the high seas or on any other waters within the admiralty and maritime jurisdiction of the United States, willfully and corruptly casts away or otherwise destroys any vessel of the United States to which he belongs, or *willfully attempts the destruction thereof*, shall be imprisoned not more than ten years.

18 U.S.C. § 2273 (emphasis added).

The specific inclusion of an attempt provision in section 2273 indicates that its omission from section 2272 was not accidental. Moreover, even if Congress had inadvertently neglected to include attempted conduct in section 2272 in 1804, Congress had several opportunities to remedy the defect: the Legislature amended section 2272 on several occasions, and despite the model of 2273, failed to alter its language to add a clause criminalizing attempted destruction of a vessel. Accordingly, we conclude that defendant may not be prosecuted under section 2272 for attempted destruction of the *Wayfarer II*.

The issue remaining, therefore, is whether the injury inflicted by defendant on the *Wayfarer II* is sufficient to constitute a prohibited act under section 2272. The scanty case law construing the statute indicates that a shipowner may not be held liable for partial destruction of a vessel.

---

1. Captain John Snodgrass and Robert E. Cayce, who supervised the salvage operations, estimated the total cost of repairs at $12,000. The vessel is valued at $40,000.

The leading case on section 2272, *United States v. Johns*, 26 Fed.Cas. No. 15,481, p. 616, 1 Wash.C.C. 363, 4 Dall. 412 (1806), is closely analogous to the present situation. The evidence in *Johns* indicated that the defendant shipowner had scuttled his ship, the *Enterprise*, permitting great quantities of water to enter the vessel. The *Enterprise* crew abandoned the sinking ship; several days later, the vessel was sighted and towed to port. Supreme Court Justice Bushrod Washington, sitting as a circuit judge, presided over the resulting prosecution under the predecessor of section 2272. Drawing from English statutory precedents, Justice Washington defined the acts prohibited by section 2272 as follows:

> [W]e are of opinion that 'to destroy a vessel' is to unfit her for service, beyond the hopes of recovery by ordinary means. This, as to the extent of the injury, is synonymous with 'cast away;' it is the general term. Casting away is, like burning, a species of destruction. Both of them mean such an act as causes a vessel to perish; to be lost; to be irrecoverable by ordinary means.

26 Fed.Cas. at 620.

Contrasted to the *Johns* case, in which the defendant was acquitted, is *United States v. Vanranst*, 28 Fed.Cas. No. 16,608, p. 360, 3 Wash.C.C. 146 (Cir.Ct.D.Pa.1812). The defendant shipowner in *Vanranst* allegedly scuttled his ship *Lucy*; unlike the *Enterprise*, the *Lucy* was not sighted soon after infliction of the injury and remained missing nine months later. The defendant owner of *Lucy* was tried under the predecessor of section 2272 before Justice Washington. At the close of the evidence, Jus-

tice Washington advised the jury that guilt appeared highly probable: reaffirming the standard of liability articulated in *United States v. Johns*, *supra*, Justice Washington noted that the nine-month loss of the vessel indicated its total destruction and thus suggested that the defendant had indeed "cast away" his vessel within the meaning of section 2272.[2] The jury convicted.

While the antiquity of Justice Washington's opinions might render them vulnerable to dissent, we can locate no contradictory authorities.[3] The only definition of "cast away" in *Black's Law Dictionary* (4th Ed. 1951) concurs with Justice Washington's view:

> To cast away a vessel means to do such an act upon it or in regard to it as causes it to be lost, so as to be unrecoverable by ordinary means. The term is synonymous with 'destroy,' which means to unfit a vessel for service beyond the hope of its recovery by ordinary means.

Nor does it appear that the term "cast away" has acquired any different meaning in civil or maritime law. Norris, *The Law of Seamen* § 285 (3d Ed. 1970); *Benedict on Admiralty* § 116 (7th Ed. 1975); 6 *Words and Phrases* p. 452 (1966).

■ Applying this uniformly adopted standard to the present case, it is clear that defendant has not violated the statute. Defendant did not destroy the *Wayfarer II* "beyond the hope of recovery by ordinary means." The vessel sustained no structural damage, and was returned to prescuttling condition with little effort—a tugboat, some tow lines, and a few pumps accomplished the feat. It follows that no indictment will lie under the statute.

**2.** As Justice Washington summarized the evidence of total destruction: "The *Lucy* was left on the high seas completely water-logged, beyond the power of the vessel, into which the captain and [other members of the] crew were taken, to save her; without any other vessel in sight, and filling with such rapidity, as to render her loss almost certain, and the chance of her being saved altogether hopeless." 28 Fed. Cas. at 360.

**3.** The only two published opinions citing section 2272 implicitly adopt Justice Washington's

construction of the statute. In *United States v. Murphy*, 50 F.2d 455 (D.Ala.1931), the court followed Justice Washington's interpretation of section 2272 on the requirement of insurance coverage. In *Ionian Shipping Company v. British Law Insurance Company*, 314 F.Supp. 1121 (S.D.N.Y.1970), the court held that where the cause of a vessel's total destruction was uncertain, its owner could refuse to answer discovery questions in a civil suit against the insurance company, since the owner faced possible criminal prosecution under section 2272.

■ The stipulated facts portray defendant as vigorously attempting to commit an offense under section 2272; despite his experience as a seaman, he was thwarted by the passing tŭg *Artemia*. It seems anomalous that this fortuitous event should shield defendant from any prosecution. Nevertheless, it is a fundamental principle that penal statutes are to be strictly construed, and we cannot imply what Congress failed to enact.

Accordingly, it is hereby ordered that defendant's motion to dismiss the indictment is granted.

IT IS SO ORDERED.