RUTH ANDREWS, Petitioner, *v.* NEVADA STATE BOARD OF COSMETOLOGY; ARNOLD ALMOND, President; BERNICE RANDALL, Secretary, Respondents.

No. 6084

March 25, 1970        467 P.2d 96

*Richards & Demetras,* of Reno, for Petitioner.

*Harvey Dickerson,* Attorney General, and *Michael L. Melner,* Deputy Attorney General, for Respondents.

## OPINION

By the Court, Mowbray, J.:

This is a mandamus proceeding asking this court to order the State Board of Cosmetology to issue to petitioner, Ruth

Andrews, eight blank subpoenas, so that Andrews may utilize the subpoenas to require the attendance of witnesses at a hearing scheduled before the Board of Cosmetology to determine whether petitioner's beauty salon license should be revoked for employing an unlicensed hairdresser in violation of NRS 644.430.

We find that the Board does not have the power to issue the subpoenas, and we deny petitioner's request for mandamus.

The Board is a state administrative agency created by the Legislature pursuant to the provisions of chapter 644 of the Nevada Revised Statutes. Its powers are limited to those powers specifically set forth in chapter 644. As an administrative agency the Board has no general or common law powers, but only such powers as have been conferred by law expressly or by implication. Civil Aeronautics Bd. v. Delta Air Lines, Inc., 367 U.S. 316 (1961); L. & A. Constr. Co. v. McCharen, 198 So.2d 240 (Miss. 1967), *cert. denied,* 389 U.S. 945 (1967); 1 K. Davis, Administrative Law Treatise §§ 2.01–2.16 (1958). Official powers of an administrative agency cannot be assumed by the agency, nor can they be created by the courts in the exercise of their judicial function. Federal Trade Comm'n v. Raladam Co., 283 U.S. 643 (1931); Cabell v. City of Cottage Grove, 130 P.2d 1013 (Ore. 1942). The grant of authority to the agency must be clear. There is no authority in chapter 644 giving the Board the power to issue subpoenas. Subpoenas can be enforced by courts only when issued by an officer properly endowed with the authority to issue the subpoenas. Cudahy Packing Co. v. Holland, 315 U.S. 357 (1942); Lowell Sun Co. v. Fleming, 120 F.2d 213 (1st Cir. 1941), *aff'd,* 315 U.S. 784 (1942); Fleming v. Arsenal Bldg. Corp., 38 F.Supp. 675 (S.D.N.Y. 1940).

Petitioner urges that, absent a specific grant to the Board to issue subpoenas under the provisions of chapter 644, the Board may issue subpoenas under the provisions of the Nevada Administrative Procedure Act. NRS 233B.123(3) in that Act provides:

"Each party may call and examine witnesses, introduce exhibits, cross-examine opposing witnesses on any matter relevant to the issues even though such matter was not covered in the direct examination, impeach any witness regardless of which party first called him to testify, and rebut the evidence against him."

Petitioner argues that the language of this statute, as well as the express purpose of the Act to provide "minimum procedural requirements", demonstrates a legislative intent to grant subpoena power to all administrative agencies. We do not agree. During the Fifty-fourth Session of the Legislature, in 1967, when NRS 233B.123, supra, was enacted, the Legislature in that session and at that time granted subpoena power to the following State administrative agencies: (1) State Department of Agriculture, NRS 561.146(1);[1] (2) State Air Pollution Control Hearing Board, NRS 445.555;[2] and State Board of Pharmacy, NRS 639.246.[3]

It is clear that, had the Nevada Legislature intended, when it enacted NRS 233B.123, supra, during the Fifty-fourth Session in 1967, to grant subpoena powers to all state administrative agencies, as petitioner contends, then the specific grants of subpoena power to the State Department of Agriculture, State Air Pollution Control Hearing Board, and State Board of Pharmacy would not have been necessary. We may only

[1]NRS 561.146(1):
"1. Whenever the executive director [of the state department of agriculture] is authorized or required by law to conduct a hearing, he shall have authority to issue subpenas requiring the attendance of witnesses before him, together with all books, memoranda, papers and other documents relative to the matters for which the hearing is called, to administer oaths and take testimony thereunder, and to take depositions within or without the state, as the circumstances of the case may require." (Added to NRS by 1967, 420.)

[2]NRS 445.555:
"The chairman or, in his absence, the vice chairman of the state air pollution control hearing board or of a county or district air pollution control hearing board may issue subpenas to compel attendance of any person at a hearing and require the production of books, records and other documents material to a hearing." (Added to NRS by 1967, 1072.)

[3]NRS 639.246:
"1. The secretary of the board [state board of pharmacy] shall issue subpenas for the production of witnesses, documents or papers, in accordance with statutory provisions, at the request of any party to a hearing.
"2. Witnesses appearing pursuant to a subpena shall receive expenses and witness fees in the amounts and under the same circumstances as prescribed by law for witnesses in civil actions. Such expenses and fees shall be paid in full by the party at whose request the witness is subpenaed.
"3. Subpenas shall be served in the same manner as prescribed by law for the service of subpenas in civil actions, and failure to comply with the order shall be punishable as contempt." (Added to NRS by 1967, 1659.)

interpret such action as manifesting an intent by the Legislature during that session to limit subpoena power to those state agencies to whom it was expressly granted, and none other.

Petition denied.

ZENOFF, BATJER, and THOMPSON, JJ., concur.

COLLINS, C. J., concurring:

I concur in the majority opinion and add these additional comments: Petitioner's occupation is a lawful one and she may not be deprived of that right by revocation or suspension of her license except through due process of law. Should she be prevented from presenting her defenses to the charge through inability to compel attendance of witnesses or otherwise secure their testimony because of lack of the subpoena power, due process may be violated. See Jewell v. McCann, 116 N.E. 42 (Ohio 1917); followed in Geer v. State, 121 N.E. 901 (1918); reaffirmed in State v. O'Brien, 196 N.E. 664, 666 (Ohio 1935). See also 1 K. Davis, Administrative Law Treatise § 8.15 (1958).