CLARK COUNTY SCHOOL DISTRICT, Appellant, *v.*
CLARK COUNTY CLASSROOM TEACHERS ASSOCIA-
TION and ARCHIE KLEINGARTNER, Respondents.

No. 30127

May 24, 1999

977 P.2d 1008

*Kamer & Zucker* and *S. Scott Greenberg; C. W. Hoffman, Jr.,*
General Counsel, and *L. Steven Demaree,* Associate General
Counsel, Clark County School District, Las Vegas, for Appellant.

*Dyer, Lawrence & Cooney* and *Leigh C. O'Neill,* Carson City;
*Archie Kleingartner,* in Proper Person, Los Angeles, California,
for Respondents.

## OPINION

By the Court, AGOSTI, J.:

Appellant Clark County School District ("School District") commenced an action for declaratory relief seeking a determination that NRS Chapter 391 hearing officers had no authority to issue prehearing subpoenas. The district court denied the School District's request for relief. Instead, the district court granted respondent Clark County Classroom Teachers Association's ("CCCTA") countermotion for enforcement of the subpoena. This appeal followed.

This controversy arose after the School District sent a letter to Joe Cox, a teacher employed by the School District, notifying Cox that he had been suspended from employment as a teacher for the School District and that the School District intended to recommend his dismissal to the Board of Trustees. The School District gave two reasons for its recommendation. The first concerns Cox's alleged expressions of disrespect and contempt and racial denigration against his supervising administrator. The letter claims the remarks had been overheard by students. The second concerns Cox's alleged failure to perform his professional responsibilities. As an example of his inadequate professional performance, the School District cited Cox's failure to fill out forms properly on behalf of two senior students whose graduations were thereby jeopardized.

Cox asked for and received a hearing as authorized by NRS 391.317 and NRS 391.318.[1] Cox is a member of the CCCTA

---

[1]NRS 391.317 provides:

**391.317 Notice of intention to recommend demotion, dismissal or refusal to reemploy; rights of employee.**

1. At least 15 days before recommending to a board that it demote, dismiss or not reemploy a postprobationary employee, or dismiss or demote a probationary employee, the superintendent shall give written notice to the employee, by registered or certified mail, of his intention to make the recommendation.

2. The notice must:

which had entered into a collective bargaining agreement with the School District pursuant to NRS 391.3116.[2] Pursuant to the terms of that agreement and NRS 391.317, Archie Kleingartner was selected as the hearing officer to determine whether the School District's grounds for the recommendation of dismissal were substantiated. Kleingartner's decision would be binding upon the parties.

Prior to the hearing, at CCCTA's request, Kleingartner issued a subpoena duces tecum to the School District which ordered the deposition of the superintendent of schools or the custodian of records for the purpose of obtaining certain information prior to the hearing. The subpoena duces tecum attempted to obtain:

1. The name, home address and telephone number of the student referred to in the following excerpt from the notice of intended disciplinary action issued to Joe Cox, Jr., on June 7, 1996:

A student related that you yelled loud enough for the whole classroom to hear, ''That I don't even want to talk to that nigger, because he thinks people should kiss his ass, but I'm not'' and that you curse Mr. Warrick every day.

2. The name, home address and telephone number of each student whom the Clark County School District

---

(a) Inform the licensed employee of the grounds for the recommendation.

(b) Inform the employee that, if a written request therefor is directed to the superintendent within 10 days after receipt of the notice, the employee is entitled to a hearing before a hearing officer.

(c) Inform the employee that he may request appointment of a hearing officer from a list provided by the American Arbitration Association and that one will be appointed if the superintendent agrees in writing.

(d) Refer to chapter 391 of NRS.

NRS 391.318 provides:

**391.318 Request for hearing: Action by superintendent.**

1. If a request for a hearing is not made within the time allowed, the superintendent shall file his recommendation with the board. The board may, by resolution, act on the recommendation as it sees fit.

2. If a request for a hearing is made, the superintendent shall not file his recommendation with the board until a report of the hearing officer is filed with him.

[2]NRS 391.3116 provides:

**391.3116 Contract negotiated by collective bargaining may supersede provisions of NRS 391.311 to 391.3197, inclusive.**

The provisions of NRS 391.311 to 391.3197, inclusive, do not apply to a teacher, administrator, or other licensed employee who has entered into a contract with the board negotiated pursuant to chapter 288 of NRS if the contract contains separate provisions relating to the board's right to dismiss or refuse to reemploy the employee or demote an administrator.

("District") has interviewed and intends to use as a witness at the hearing of this matter.

3. Complete and unredacted copies of any written statements obtained from students by the District in connection with this matter.

4. The name, home address and telephone number of each of the two students referred to in the following excerpt from the notice of intended disciplinary action:

Most recently, the graduations of two senior students from other high schools were jeopardized by you.

5. The following documents referred to in the letter to Dr. Edward Goldman from John R. Watkins, dated October 1, 1996, a copy of which is attached hereto:

(a) With respect to the two students referred to in paragraph 4 hereof, the documents described in paragraphs 1 to 7, inclusive, of Mr. Watkins' letter; and

(b) The documents described in paragraphs 10, 11, and 12 of Mrs. Watkins' letter.

In response to the subpoena, the School District filed an action for declaratory and injunctive relief in the district court.

The question presented in this appeal is whether the hearing officer is authorized to issue a subpoena for pre-hearing discovery.

NRS 391.3115 through NRS 391.3197 describe the procedures available to the School District and the employee when dismissal of the employee is sought. Pursuant to NRS 391.317, Cox was properly informed that the School District intended to seek his dismissal. Pursuant to NRS 391.318, Cox had a right to a hearing which he did request. It appears Cox, as a member of the CCCTA, had entered into a collective bargaining agreement with the School District, pursuant to NRS 391.3116. Both parties agreed to a method for selection of the hearing officer. It also appears that the parties agreed that the report of the hearing officer would be binding and final as permitted by NRS 391.3193(2).

NRS 391.3192(2) states the following:

The superintendent of public instruction shall furnish the hearing officer with any assistance which is reasonably required to conduct the hearing, and the hearing officer may require witnesses to give testimony under oath and produce evidence relevant to the investigation.

CCCTA relies upon the above language in support of its claim that the hearing officer is empowered to issue a subpoena duces tecum.

NRS Chapter 391 makes no relevant reference to a grant of

subpoena power to the hearing officer.[3] This chapter describes, *inter alia*, an administrative procedure which must be followed in order to contest a school district's recommendation to terminate an employee. NRS 391.3194(4) anticipates judicial review of a final and binding determination by a hearing officer and provides that such a review be pursuant to NRS 38.145 or NRS 38.155. NRS Chapter 38 comprises the Uniform Arbitration Act. However, the legislature did not choose to make all the provisions of the Uniform Arbitration Act applicable to disciplinary proceedings by a school district against a teacher.[4]

In Andrews v. Nevada State Board of Cosmetology, 86 Nev. 207, 467 P.2d 96 (1970), we held that the powers of an administrative agency are limited to those powers specifically set forth by statute. In that case, we determined the board did not have the power to issue subpoenas. We stated: "Official powers of an administrative agency cannot be assumed by the agency, nor can they be created by the courts in the exercise of their judicial function. The grant of authority to the agency must be clear." *Id.* at 208, 467 P.2d at 97 (citations omitted). The language of the statute construed in *Andrews* provided no device from which we could clearly infer subpoena power.

We conclude that although the word "subpoena" is not used in NRS 391.3192(2), the authority granted to the hearing officer to require witnesses to testify under oath and to produce evidence "relevant to the investigation" would be meaningless without the authority to order testimony under oath and to order the production of evidence. Such an order is manifested by the issuance of a subpoena.

In Gerlach v. Missouri Com'n on Human Rights, 980 S.W.2d 589 (Mo. Ct. App. 1998), the Missouri Court of Appeals recognized that while " '[i]mplication of the subpoena power is not proper . . . simply because that power would facilitate the accomplishment of an end the court deems beneficial,' . . . if it necessarily follows from the statute's language, . . . the subpoena power [may] be implied." *Id.* at 592 (citing with approval Brooks

---

[3]NRS 391.355(3) expressly grants subpoena power to hearing officers conducting license revocation hearings under NRS 391.322.

[4]The Uniform Arbitration Act does provide for discovery prior to an arbitration hearing. NRS 38.087. In addition, the arbitrator may issue subpoenas "for the attendance of witnesses and for the production of books, records, documents and other evidence." NRS 38.095(1). However, these statutes are not applicable as the legislature did not incorporate them into NRS Chapter 391.

v. Pool-Leffler, 636 S.W.2d 113 (Mo. Ct. App. 1982) (superseded by statute)).[5]

In Angoff v. M & M Management Corp., 897 S.W.2d 649 (Mo. Ct. App. W.D. 1995), the court examined the following statutory language to determine whether or not subpoena power could be implied: "[The director of the Department of Insurance] may administer oaths or affirmations, and *shall have power to summon and compel the attendance of witnesses, and to require and compel the production of records, books, papers, contracts or other documents, if necessary." Id.* at 652. Relying upon that language, the Missouri Department of Insurance claimed the authority to issue a subpoena duces tecum. The court determined that the statutory language clearly described the subpoena process in an administrative investigation despite the fact that the word "subpoena" was never used. The court stated, "To conclude that the statute does not confer subpoena power would be to draw an artificial distinction where no difference in fact exists, and such a result would be illogical. The legislature is presumed to have intended a logical result, rather than an absurd or unreasonable one." *Id.* at 654 (citation omitted). Such is the case here. We determine that the legislature must have intended, logically, that the hearing officer have the power to order compliance with the authority conferred upon him by the statute.

We are mindful that the court may not confer upon an administrative agency power in excess of that authorized by the legislature. *Andrews,* 86 Nev. at 208, 467 P.2d at 96-97. Despite the determination we make today that NRS 391.3192(2) does permit the hearing officer to issue subpoenas, we further determine that the subpoena power is not unlimited. According to the language of NRS 391.3192(2), the hearing officer may subpoena witnesses to testify at the hearing. The hearing officer also has the authority to issue subpoenas to produce evidence relevant to the investigation. This implies the right to use the subpoena authority for limited prehearing discovery.

Limited prehearing discovery, as contemplated by the statute,

---

[5]In *Brooks,* the Missouri Court of Appeals ultimately concluded that there was no implied subpoena power based on the express wording of a statute as written at the time of the *Brooks* decision. In *Gerlach,* the same court used the *Brooks* reasoning to reach the opposite conclusion, holding that the subpoena power was implied under another statute. The *Gerlach* court also noted that the Missouri Legislature had amended the statute at issue in *Brooks* to allow for the issuance of an administrative subpoena, thereby superseding the *Brooks* decision.

includes the production of relevant documents which will be utilized at the hearing and the disclosure of names and addresses of witnesses to be called for testimony at the hearing. This limited prehearing discovery is necessary to secure the issuance of witness subpoenas and to determine the nature of documentary evidence upon which the parties will rely at the hearing.

In this case, the hearing officer's subpoena did not exceed the limits which we believe are implicit in the language of NRS 391.3192(2).

The hearing officer has ordered the name, address and telephone number of a particular student whom the School District claims overheard Cox make remarks of racial denigration. The subpoena requires the production of the name, home address and telephone number of each student the School District interviewed and intends to use as a witness at the hearing, as well as the name, home address and telephone number of the two students whose graduations were allegedly jeopardized. The subpoena also orders the production of any written statements obtained from students in connection with the case. Finally, the subpoena orders the production of certain documents. Each item ordered to be produced is within the scope of the language of NRS 391.3192(2).

For these reasons, we affirm the determination of the trial court.

ROSE, C. J., YOUNG, MAUPIN, SHEARING, LEAVITT and BECKER, JJ., concur.