DIVISION OF LABOR STANDARDS, DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS, Petitioner–Respondent,

v.

CHESTER BROSS CONSTRUCTION CO., Respondent–Appellant.

No. ED 77657.

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 2, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 22, 2001.

Application to Transfer Denied
April 24, 2001.

Michael E. Kaemmerer, Kevin T. McLaughlin, Chesterfield, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David A. Meyer, Asst. Atty. Gen., Jefferson City, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

Appellant, Chester Bross Construction Company, appeals the Circuit Court of Marion County's judgment to enforce the subpoenas duces tecum issued by the Division of Labor Standards ("Division"). According to Appellant, the circuit court erred in ruling to enforce the subpoenas because: (1) Section 536.077 RSMo (1994),[1] which provides for subpoena enforcement only in contested cases, is the Division's only method of enforcement for such subpoenas; and (2) collateral estoppel bars granting the application to show cause since the circuit court denied such an application in prior litigation involving the same parties, facts, and issues.

We affirm.

### Facts

The Division issued subpoenas duces tecum as part of an investigation to discover whether Appellant violated the Prevailing Wage Law. Appellant refused to answer the subpoenas, claiming the Division had no authority to enforce them. The Division filed an Application for Show Cause Order with the circuit court to command

---

1. All statutory references are to RSMo (1994) unless otherwise noted.

Appellant to state why the subpoenas should not be enforced. The circuit court issued the show cause order. Appellant then filed a motion to dismiss the Application for Show Cause Order or alternatively, a motion to quash the Show Cause Order for lack of subject-matter jurisdiction. The circuit court denied Appellant's motions and entered judgment against it.

### Analysis

■ Because the issues to be determined are questions of law, no deference is due the trial court's judgment and appellate review is de novo. *Hunter v. County of Morgan,* 12 S.W.3d 749, 755 (Mo.App. W.D.2000).

In its first point, Appellant contends that the circuit court erred in entering judgment against it because the Division may only enforce investigative subpoenas duces tecum in contested cases under Section 536.077, and the parties agree this is not a contested case. We disagree and find that Section 536.077 sets forth an appropriate enforcement procedure for investigative subpoenas.

Two statutory provisions are central to the issue raised on appeal: Sections 536.077 and 290.280. Section 536.077 provides for the issuance and enforcement of subpoenas in contested cases:

> In any contested case before an agency ... such agency shall upon request of any party issue subpoenas and shall in a proper case issue subpoenas duces tecum.... Subpoenas shall extend to all parts of the state, and shall be served and returned as in civil actions in the circuit court.... The agency shall enforce the subpoenas by applying to a judge of the circuit court of the county of the hearing or of any county where the witness resides or may be found, for an order upon any witness who shall fail

to obey a subpoena to show cause why such subpoena should not be enforced. Section 290.280 is the source of the Division's subpoena power and states:

> The authorized representative of the department may administer oaths, take or cause to be taken the depositions of witnesses, and require by subpoena the attendance of all witnesses and the production of all books, records, and other evidence relative to *any matter under investigation or hearing.* The subpoena shall be signed and issued by the department's authorized representative. In case of failure of any person to comply with any subpoena lawfully issued under this section, or on the refusal of any witness to produce evidence or to testify to any matter regarding which he may be lawfully interrogated, the authorized representative of the department may proceed to enforce obedience to the subpoenas *in the manner provided by section 536.077, RSMo,* for administrative agencies. The authorized representative of the department shall have the power to certify to official acts. (emphasis added).

■ "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible and to consider the words used in their plain and ordinary meaning." *Wolff Shoe Co. v. Dir. of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988). When statutes seem to conflict, courts must attempt to harmonize each statutory enactment, considering the legislative scheme and the plain meaning of the language used so that both sections have meaning. *Farmers' Electric Co-op., Inc. v. Missouri Dep't of Corrections,* 977 S.W.2d 266, 270 (Mo. banc 1998). In the course of construing statutes to be in harmony, we presume that the legislature intends a logical and reasonable result. *State ex rel.*

*Scott v. Goeke*, 864 S.W.2d 411 (Mo.App. E.D.1993).

■■■ The Division is empowered to conduct investigations regarding violations of the Prevailing Wage Law and to conduct hearings to set the level of the prevailing wage for a locality.[2] Sections 290.240, 290.260 RSMo (1999). According to the plain language of Section 290.280 the Division has the power to issue subpoenas. The legislature granted subpoena power for "any matter under investigation or hearing." Not only did the legislature clearly intend for the Division to have the power to issue subpoenas, but also it intended that the Division have the authority to enforce subpoenas "in the manner provided by" Section 536.077. Using the phrase "in the manner provided by" indicates the legislature's intent that the procedure for enforcing subpoenas in Section 536.077 should be followed, whether the matter is in the investigative stage or the hearing stage. This construction of the phrase gives meaning to both statutes.

■■■ Furthermore, this construction provides a logical result because by its very nature, a subpoena must be capable of both issuance and enforcement. A subpoena is "a writ commanding a person to appear before a court or other tribunal, subject to a penalty for failing to comply." Black's Law Dictionary 1440 (7th Ed.999). In fact, an instrument cannot be called a subpoena unless a governmental body has the authority to enforce it. *Brooks v. Pool–Leffler*, 636 S.W.2d 113, n. 7 (Mo. App. E.D.1982) (overruled on other grounds).[3] It would be an absurd construction of Section 290.280 to hold that the legislature granted power to issue subpoenas in the investigative stage, but granted no authority for enforcement.

Although Appellant attempts to rely on *Brooks* to circumvent this language, that case is distinguishable and affords no relief. In *Brooks*, the Missouri Commission on Human Rights ("Commission") had the authority to issue subpoenas under Section 296.030 RSMo (1978), but the legislature provided no enforcement mechanism. *Id.* at 120. Therefore, the Commission passed a regulation stating that enforcement of subpoenas would be pursuant to Section 536.077. *Id.* When a party under investigation challenged the Commission's authority to issue and enforce an investigative subpoena, the *Brooks* court stated that the Commission did not possess general subpoena authority. Instead, the Brooks court concluded the investigative subpoena power was limited to investigations once a notice of hearing had been issued. 636 S.W.2d at 121, 122. Therefore, the Commission could not use Section 536.077 to enforce any subpoenas issued outside the hearing stage. *Id.*

We find *Brooks* inapposite because Section 290.280 grants the Division broader subpoena authority than was given to the Commission in *Brooks*. In this case, the

---

**2.** "Contested cases" are adversarial hearings where evidence is presented and a record is made. Section 536.063. The Division is not empowered to conduct a "contested case" for a prevailing wage dispute; rather, the case must be filed in circuit court. See *Henry County Water Co. v. McLucas*, 21 S.W.3d 179 (Mo.App. W.D.2000) for reference to a Labor and Industrial Relations Commission order that holds the above proposition.

**3.** *Gerlach v. Missouri Com'n on Human Rights*, 980 S.W.2d 589 (Mo.App. E.D.1998)

re-examined the Commission's power to issue investigative subpoenas. In 1986, the legislature repealed chapter 296, containing the grant of subpoena power at issue in *Brooks*. The subpoena power from Section 296.030 was then placed in Section 213.030, which was subsequently amended in 1992. In *Gerlach*, this court determined that in light of the amendments, the Commission did possess the power to issue investigative subpoenas. *Id.* at 594.

legislature clearly granted subpoena power during the investigative stage independent of the hearing stage. Therefore, Appellant's argument must fail and we conclude that the circuit court did not err. Point one is denied.

In its second point, Appellant argues that the doctrine of collateral estoppel bars the circuit court from entering judgment against Appellant. Collateral estoppel means that once an ultimate fact has been determined by a valid and final judgment, that issue cannot again be litigated between parties in any future lawsuit. *In re Caranchini,* 956 S.W.2d 910, 913 (Mo. banc 1997). In this case, the appealed ruling is a conclusion of law and not a finding of fact. Appellant concedes in its opening brief that the issue is a question of law to be reviewed *de novo.* Therefore, collateral estoppel does not apply and Appellant's second point is denied.

The judgment is affirmed.

PAUL J. SIMON, J., and SHERRI B. SULLIVAN, J., concur.