CITY OF HENDERSON/HENDERSON POLICE DEPART-MENT, APPELLANT, v. STEVEN B. KILGORE, AND THE STATE OF NEVADA LOCAL GOVERNMENT EMPLOYEE-MANAGEMENT RELATIONS BOARD, RESPONDENTS.

No. 42348

March 30, 2006                                          131 P.3d 11

---

[41]*See* NRS 18.010(2)(b); NRCP 11.

*William E. Cooper Law Offices* and *William E. Cooper Jr.*, Las Vegas, for Appellant City of Henderson.

*George Chanos*, Attorney General, *Dianna Hegeduis*, Senior Deputy Attorney General, and *Dennis L. Belcourt* and *Patricia A. Palm*, Deputies Attorney General, Carson City, for Respondent Local Government Employee-Management Relations Board.

*Steven B. Kilgore*, Las Vegas, in Proper Person.

Before MAUPIN, GIBBONS and HARDESTY, JJ.

## OPINION

By the Court, HARDESTY, J.:

In this appeal, we consider whether the Employee-Management Relations Board's (EMRB's) adjudicatory authority includes the power to grant preliminary injunctive relief. Because we conclude that the Local Government Employee-Management Relations Act, NRS Chapter 288, does not expressly grant the EMRB power to issue preliminary injunctive relief and that such power cannot be implied, we reverse the district court's order enforcing the EMRB's preliminary injunction.

### FACTS

Steven Kilgore was an 18-year veteran of the Henderson Police Department. While Kilgore was on family medical leave, the City of Henderson investigated allegations against Kilgore of noncriminal policy violations and placed him on administrative leave without pay. Kilgore subsequently filed a complaint with the EMRB against the City of Henderson. According to Kilgore's complaint, the City of Henderson had discriminated against him and violated his union's collective bargaining agreement.

While Kilgore's complaint was pending before the EMRB, the City of Henderson terminated his employment. The following day, Kilgore filed a motion for a preliminary injunction with the EMRB, seeking reinstatement with pay pending resolution of Kilgore's underlying complaint. Without oral argument or an evidentiary hearing, the EMRB granted Kilgore's motion.

The City of Henderson and Kilgore both sought relief from the district court. The City of Henderson filed a petition for a writ of prohibition, or in the alternative, a writ of mandamus, asking the district court to vacate the EMRB's preliminary injunction. Kilgore requested that the EMRB order be enforced. The district court denied the City of Henderson's petition and granted Kilgore's motion to enforce the EMRB's injunction requiring the City of Henderson to reinstate Kilgore. The City of Henderson appeals the district court's order.

### DISCUSSION

The City of Henderson argues that the district court erred when it granted Kilgore's motion to enforce the EMRB's order. We agree for three reasons. First, NRS Chapter 288 does not expressly authorize the EMRB to grant preliminary injunctions. Second, the power to grant preliminary injunctions may not be

implied because that power is not necessary for the EMRB to carry out its statutory duties. Third, Kilgore failed to first exhaust his administrative remedies before seeking relief in district court.

Kilgore argues that NRS 288.110 empowers the EMRB to issue preliminary injunctions because NRS 288.110 gives the EMRB broad jurisdiction to govern its own proceedings. The EMRB acknowledges that NRS 288.110 does not expressly grant it the power to issue preliminary injunctions but claims that the power is implied because, logically, the Legislature must have intended the powers to exist in light of the other powers expressly given to the EMRB. We disagree with the suggested interpretation of NRS 288.110.

*NRS Chapter 288 does not expressly authorize the EMRB to grant preliminary injunctive relief*

Statutory interpretation is a question of law which this court reviews de novo.[1] We have recognized that "when the language of a statute is plain and unambiguous, a court should give that language its ordinary meaning and not go beyond it."[2] Although "[t]he powers of an administrative agency are limited to those powers specifically set forth by statute,"[3] certain powers may be implied even though they were not expressly granted by statute, when those powers are necessary to the agency's performance of its enumerated duties.[4]

The EMRB is an administrative board created by NRS Chapter 288. NRS Chapter 288 governs relations between local governments and public employees. Within this chapter, NRS 288.110 governs the various proceedings and procedures before the EMRB and states, insofar as is pertinent here,

> 2. The Board may hear and determine any complaint arising out of the interpretation of, or performance under, the provisions of this chapter by any local government employer, local government employee or employee organization. The Board shall conduct a hearing within 90 days after it decides to hear a complaint. The Board, after a hearing, if it finds that the complaint is well taken, may order any person to re-

---

[1] *Birth Mother v. Adoptive Parents*, 118 Nev. 972, 974, 59 P.3d 1233, 1235 (2002).

[2] *City Council of Reno v. Reno Newspapers*, 105 Nev. 886, 891, 784 P.2d 974, 977 (1989).

[3] *Clark Co. School Dist. v. Teachers Ass'n*, 115 Nev. 98, 102, 977 P.2d 1008, 1010 (1999) (citing *Andrews v. Nev. St. Bd. Cosmetology*, 86 Nev. 207, 467 P.2d 96 (1970)).

[4] *See id.*

frain from the action complained of or to restore to the party aggrieved any benefit of which he has been deprived by that action. The Board shall issue its decision within 120 days after the hearing on the complaint is completed.

3. Any party aggrieved by the failure of any person to obey an order of the Board issued pursuant to subsection 2, or the Board at the request of such a party, may apply to a court of competent jurisdiction for a prohibitory or mandatory injunction to enforce the order.

NRS 288.110(2) states that the EMRB "may order any person to refrain from the action complained of" or may restore to the aggrieved party "any benefit of which he has been deprived by that action." However, the plain language of NRS 288.110(2) limits the EMRB's power to grant such orders only "after a hearing, if it finds that the complaint is well taken." This language compels the conclusion that the EMRB must hear and decide the complaint before any basis will exist for injunctive relief.

NRS 288.110(3) provides that "[a]ny party aggrieved by the failure of any person to obey an order of the Board issued pursuant to subsection 2 . . . may apply to a court of competent jurisdiction for a prohibitory or mandatory injunction to enforce the order."

The interplay between NRS 288.110(2) and (3) is obvious. After a hearing is held, if the EMRB determines that the complaint "is well taken," the EMRB may issue an order restraining the complained of action or restoring benefits to the complaining party. If the EMRB's order is not obeyed, the aggrieved party may then file a motion with a court of competent jurisdiction for an injunction. The language of NRS 288.110 is plain and unambiguous. Nowhere in the statute does it state that the EMRB has the power to issue preliminary injunctions.[5] Thus, we conclude that the plain language of NRS 288.110, and NRS Chapter 288 in general, does not give the EMRB the power to issue preliminary injunctions.

*The power to issue preliminary injunctions cannot be implied from the statute*

While this court has determined that an administrative agency may possess an implied limited power, any implied limited power must be essential to carry out an agency's express statutory duties. For instance, in *Clark County School District v. Teachers Ass'n*, the school district sought a declaratory judgment stating that hearing officers had authority to issue prehearing subpoenas under

---

[5]*Id.* at 103, 977 P.2d at 1011 (holding that this court "may not confer upon an administrative agency power in excess of that authorized by the legislature").

NRS Chapter 391.[6] This court held that even though the word ''subpoena'' was not used in NRS 391.3192(2), ''the authority granted to the hearing officer to require witnesses to testify under oath and to produce evidence 'relevant to the investigation' would be meaningless without the authority'' to order sworn testimony and the production of evidence by way of subpoena.[7]

Here, the EMRB has a statutory duty to ''hear and determine'' complaints that arise out of a local government employee's or organization's interpretation of or performance under NRS Chapter 288.[8] If the EMRB determines that the complaint has merit, the EMRB may order the person or organization ''to refrain from the action complained of'' or the EMRB may restore to the aggrieved party the benefit that has been deprived.[9] It cannot be said that the EMRB's statutory powers to investigate and determine the merits of a public employee's complaint are rendered meaningless without the authority to issue preliminary injunctions. If the EMRB finds Kilgore's complaint to be ''well taken,'' it can order his reinstatement with back pay. The preliminary injunction in this case forced the City of Henderson to continue Kilgore's pay without any formal examination of the merits of the case. In doing so, the City of Henderson was deprived of its right to terminate the officer without pay.

*Enforcement of the preliminary injunction was not a justiciable issue in the district court*

When an employee has failed to exhaust his or her administrative remedies under the Nevada Local Government Employee-Management Relations Act, the matter is not justiciable in the district court.[10]

Here, the district court granted Kilgore's motion to enforce the EMRB's preliminary injunction. However, Kilgore had failed to exhaust his administrative remedies because the EMRB had yet to issue a decision on his complaint against the City of Henderson. Consequently, the motion was not ripe for the district court's con-

---

[6]115 Nev. at 99, 977 P.2d at 1008.

[7]*Id.* at 102, 977 P.2d at 1010.

[8]NRS 288.110(2).

[9]*Id.*

[10]Although *Rosequist v. International Ass'n of Firefighters*, 118 Nev. 444, 451, 49 P.3d 651, 655 (2002), describes the district court as lacking subject matter jurisdiction when an employee has failed to exhaust administrative remedies under the statute, justiciability, and not jurisdiction, is at play. The district court is not divested of subject matter jurisdiction; instead, the matter is simply not ripe for the district court's review.

sideration, and the district court erred in granting Kilgore's motion to enforce the EMRB's preliminary injunction.[11]

## CONCLUSION

We conclude that NRS Chapter 288 does not expressly grant the EMRB power to issue preliminary injunctive relief and that such power cannot be implied. Accordingly, we reverse the district court's order enforcing the EMRB's preliminary injunction and remand this matter to the district court to grant the City of Henderson's petition for a writ of mandamus, directing the EMRB to vacate its injunction.

MAUPIN and GIBBONS, JJ., concur.

---

[11]The district court stated that it was granting Kilgore's motion to enforce the EMRB's preliminary injunction because it was "mindful of the general rule that the District Court must give administrative agencies, such as the EMRB, great deference in their orders and in the manner in which they conduct the affairs with which they are charged by statute." While this rule is correctly stated, it is incorrectly applied to this case.

This court has previously held that "great deference should be given to the agency's interpretation when it is within the language of the statute." *Clark Co. Sch. Dist. v. Local Gov't*, 90 Nev. 442, 446, 530 P.2d 114, 117 (1974). Because the power to issue preliminary injunctions was not stated within the language of NRS 288.110, the EMRB is not awarded great deference concerning that interpretation.